LAURENCE D. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LAURENCE D. MILLER, EXECUTOR, ESTATE OF ROBERT G. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8773, 8774.  Promulgated June 28, 1927.

During the period from 1907 to 1910 petitioners were members of a partnership, which kept its books upon the accrual basis and whi(,h partnership sustained losses, for which losses petitioners in 1910 gave their promissory notes to the creditors of the partnership. *Held*, that petitioners were not entitled to deduct the amounts paid on the notes in 1919 and 1920 as losses sustained in those years.

*Franklin C. Parks, Esq.*, for the petitioners.
*Thomas M. Wilkins, Esq.*, for the respondent.

In the case of Laurence D. Miller the Commissioner determined deficiencies of $7,073.99 for 1919 and $368.13 for 1920, and in the case of Laurence D. Miller, executor of the estate of Robert G. Miller, he determined an overassessment of $68.52 for 1919 and a deficiency of $4,224.97 for 1920. Both proceedings involve the same question and were consolidated for hearing and decision. Petitioners claim that they are entitled to a deduction in 1919 and in 1920 of one-third of the operating losses sustained by the partnership of which they were members during the period 1907 to 1910, for which losses partnership notes were given in 1910 and either wholly or partially paid in the taxable years. These deductions were disallowed by the Commissioner. The facts are found as stipulated.

### FINDINGS OF FACT.

Laurence D. Miller, Robert G. Miller, Richard G. Miller, and Garland B. Miller were brothers, living in Falfurrias, Tex., and in 1907 entered into a partnership under the name of Miller Brothers Co. and engaged in the business of buying and selling land in connection with a colonization scheme. The partnership became insolvent in 1910 on account of operating losses sustained during the period from 1907 to 1910. In 1910 the partnership was liquidated and dissolved and the combined assets of the partnership and of the

four individual partners were insufficient to discharge the obligations of the partnership. Accordingly, certain notes were given in the name of the partnership which were executed and renewed from time to time by members of the partnership.

In 1917 a new partnership was formed composed of the same members as the former partnership of Miller Brothers & Co. and the new partnership undertook the same project and business as that theretofore carried on by the former partnership.

In 1918, Garland B. Miller died and the surviving brothers carried on the business as partners.

In 1922, Richard G. Miller died, and in 1924 Robert G. Miller, whose estate is one of the petitioners herein, died.

During all of the periods elapsing between 1910 and 1919 the notes given in 1910 were continued in force and effect by renewals from time to time and were legally enforceable against the several successive partnerships and the individual members thereof. During all of this period none of the partners were able to discharge the obligation for which the notes had been given in 1910, but in 1919 the partnership, then consisting of the two petitioners to these proceedings, and Richard G. Miller, paid $2,874.65 of the principal amount of the aforesaid notes and in 1920 paid $51,000 of the principal amounts of the notes.

The partnership at all times kept its accounts and made its returns on the accrual basis and the partners kept their accounts and made their returns on the basis of cash receipts and disbursements.

Each of the petitioners having been a one-third partner in 1919 and 1920, when these payments were made, claimed a deduction of one-third of the amounts of the payments as losses deductible from gross income for 1919 and 1920 respectively.

The partnership which was dissolved in 1910 sustained a net loss through its operations accumulated for the entire period of its existence of an amount equal to or greater than the aggregate sum of the deductions aforesaid, which were taken on the return of the partnership for the year 1919 and on the return of the partnership for the year 1920, representing the payments in those years of notes given by the partnership in 1910.

OPINION.

LITTLETON: The Board is without jurisdiction to make a determination as to the year 1919 in the proceeding of the estate of Robert G. Miller, in which the Commissioner has held an overassessment. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Section 214 (a) (4) of the Revenue Act of 1918 provides that in computing net income there shall be allowed as deductions losses

sustained during the taxable year when not compensated for by insurance or otherwise, if incurred in the trade or business, and the question in these proceedings is whether a deductible loss was sustained in 1919 and 1920 when the partnership, of which these petitioners were members, paid in those years certain notes given by another partnership in 1910 of which they were also members. We think there was not. Gains and losses of a partnership following the accrual method of accounting were gains and losses of partners notwithstanding the partners followed the receipts and disbursements method of accounting. *J. A. Bentley*, 5 B. T. A. 314; *Percival H. Truman*, 3 B. T. A. 386; *Maxwell E. Bessell*, 3 B. T. A. 567; *Anton M. Meyer*, 3 B. T. A. 1329.

The business of the partnership is the individual business of the several members thereof, they were jointly and severally liable for the obligations of the partnership unless properly limited, which was not true in these cases, and the profits of the partnership belong to the partners as soon as earned. Whatever loss the partnership of which these petitioners were partners sustained prior to the taxable years was the loss of the individual partners, and the fact that notes enforceable against the individual partners were given in 1910 and not paid until 1919 and 1920 did not, in the opinion of the Board, postpone the loss until the later years. These proceedings are to be distinguished from the case of *Herschel V. Jones*, 1 B. T. A. 1226. The *Jones* case concerned the agreement of the other partner in 1904 to reimburse another partner for the loss of his investment, which agreement was without consideration and was not enforceable. It was carried out in 1920 by the payment of a specified amount which the Board allowed Jones to deduct in 1920 as a loss. The amount which Jones agreed to pay Hill was in no wise a loss of Jones in 1924 but was a loss of Hill just as we think the loss of the Miller Brothers partnership when it failed in 1910 was the loss of the individual partners thereof.

> *Judgment will be entered for the respondent in both proceedings.*